UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| HERMENEGILDO PATLAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | |
| § MISC. ACTION NO. 7:00-MC-17 | |
| EDINBURG CHIEF OF POLICE, *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff Hermenegildo Patlan, a federal prisoner proceeding pro se, initiated this miscellaneous action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff was attempting to assert civil rights claims against numerous defendants, including the Chief of Police of Edinburg, Texas. Plaintiff wished to proceed in forma pauperis (Docket No. 2); however, the Court informed him that his application reflected that he may have sufficient funds with which to pay the filing fee. (Docket No. 4.) Plaintiff did not respond to the order, which was returned as undeliverable. In addition, after filing his complaint and application to proceed in forma pauperis, Plaintiff has taken no further action in this case.

As discussed below, Plaintiff has failed to prosecute this action, including failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

On March 24, 2000, Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983.[1] As noted, Plaintiff alleged that his civil rights were violated by the Edinburg Chief of Police, the

---

[1] Plaintiff's original complaint has been archived.

State of Texas, and Mr. Fred Leon. About one month after filing his proposed civil rights complaint, Plaintiff filed an application to proceed in forma pauperis. (Docket No. 2.) However, his application reflected that he potentially had access to adequate funds with which to pay the filing fee. (*See* Docket No. 4.) In addition, after initial review of his complaint, Plaintiff was informed that it may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and also that it may be "barred by the two-year statute of limitations that applies to claims under 42 U.S.C. § 1983." (*Id.*)

As such, the Court entered an order alerting Plaintiff to the deficiencies in both his complaint and his application. Specifically, he was ordered to file an "updated *in forma pauperis* application." (*Id.* at 1.) In addition, the Court noted the inaction that Plaintiff had taken in this case, and ordered him to "file a statement [within sixty (60) days] indicating whether or not he still wishes to pursue the instant civil rights action." (*Id.*) Plaintiff was warned that "[f]ailure to comply with this order may result in the dismissal of this case for failure to prosecute." (*Id.* at 2 (emphasis in original).)

This order was returned as "undeliverable," suggesting that Plaintiff did not keep the Clerk informed of his current address subsequent to filing this civil rights action.[2] (Docket No. 5.) Plaintiff has taken no further action in this case, nor has he had any contact with the Court since the Court's order was returned as undeliverable.

## II. ANALYSIS

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127

---

[2] It has come to the Court's attention that Plaintiff has been released from custody.

(5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has failed to comply with the relevant rules and to prosecute this action in two ways. First, as a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4. As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket No. 5.)

Second, Plaintiff has never paid the required filing fee, and he failed to respond to the Court's order regarding his deficient in forma pauperis application. In addition, he has not taken any other action to move his case forward.

In sum, because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4 and failed to either pay the filing fee or to file an updated application to proceed in forma pauperis, this case should be dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal

for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Day v. Cockrell*, No. 3:01-cv-1325-P, 2002 WL 31757777, at *1 (N.D. Tex. Nov. 21, 2002) (dismissing § 2254 habeas petition where petitioner failed to notify court of his change of address and orders were returned to the court as undeliverable). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[3] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be DISMISSED for failure to prosecute.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on Feb. 26, 2021.

Nadia S. Medrano

---

[3] A copy of this Report will be sent to Plaintiff at the last address he provided. Should Plaintiff respond to the Report by complying with the prior order (Docket No. 4), the District Court may then wish to consider whether less drastic sanctions might be appropriate.